IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUIS FERNANDO MALDONADO-SOTO, | § § § | |
| *Petitioner*, | § § | |
| | § | No. 1:26-CV-00842-DAE |
| v. | § § | |
| BLANCHE, *et al.*, | § § | |
| *Respondents*. | § § | |

ORDER FOR ADDITIONAL BRIEFING

Before the Court is Luis Fernando Maldonado-Soto's ("Petitioner")

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") (Dkt.

# 1) and Federal Respondents'[1] Response (Dkt. # 4).  The Court requires more

information and further briefing by the parties before it can rule on the Petition.

In their response, Federal Respondents contend that Petitioner is being

detained pursuant not to 8 U.S.C. § 1225 but to 8 U.S.C. § 1231(a)(5).  (Dkt. # 4 at

1.)  They assert that Petitioner is subject to a final removal order, seemingly

notwithstanding his pending motion to reopen the removal order proceedings with

---

[1] Federal Respondents include Todd Blanche, Acting Attorney General, United States; Markwayne Mullin, Secretary of U.S. Department of Homeland Security; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and Sylvester Ortega, Field Office Director, San Antonio Field Office, Immigration and Customs Enforcement.

immigration court, and thus ask this Court to dissolve its April 10, 2026 stay of removal. (Id. at 1–3.) Petitioner, on the other hand, appears to argue that, because his order of removal is stayed while his motion to reopen is pending, he is not subject to a final order of removal. (See Dkt. # 1 at 4.) As such, he is being mandatorily detained under § 1225. (See generally Dkt. # 1.)

"8 U.S.C. § 1231 . . . governs detention following a *final* order of removal." Demore v. Kim, 538 U.S. 510, 527 (2003) (emphasis added); 8 U.S.C. § 1231(a) (describing detention authority during the "removal period," which is defined as the latest of: "(i) The date the order of removal becomes administratively final;" "(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order;" or "(iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."). Here, Petitioner is subject to a reinstated order of removal entered in absentia, but he has filed a motion to reopen that order of removal. (Dkt. # 1 at 4.) The filing of this motion results in an automatic stay of his removal. 8 C.F.R. § 1003.23(b)(4)(ii). Accordingly, based on the plain language of § 1231(a), it appears to the Court that Petitioner is not detained under that section. See 8 U.S.C. § 1231(a)(1)(B) (explaining that the "removal period" will not begin until the date

2

of the court's final order where a removal order is judicially removed and a stay of removal is ordered).

The Court will therefore **ORDER** Federal Respondents to submit briefing to the undersigned explaining why they can detain Petitioner under 8 U.S.C. § 1231 in these circumstances **on or before Thursday, April 23, 2026**.

The Court will also **ORDER** Petitioner to submit a reply to Federal Respondents' Response addressing the arguments made therein **on or before Thursday, April 23, 2026**.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, April 16, 2026.

_____

David Alan Ezra
Senior United States District Judge

3